SARAH PERLEY *versus* LEWIS JEWELL & *al.*

| 26 | 101 |
|----|-----|
| 95 | 415 |

It is not essential to the validity of the proceedings of two justices of the peace and of the quorum, who may administer an oath to the principal in a poor debtor's bond, that the justices should be selected and organized as a Court *within the hour* appointed in the notice, as the time of the intended disclosure. There may be cases where the proceedings will be upheld, although the selection and organization did not take place until after the hour named in the citation had passed.

To save a forfeiture, a liberal construction should be given to a statute.

STATEMENT of facts by the parties : —

This was an action brought upon a poor debtor's bond, given by defendant to the plaintiff, according to the provisions of the statute of Maine entitled "Of the relief of poor debtors."

It is agreed by the parties that the said Lewis Jewell, the debtor, within six months from the date of said bond, did cite the creditor before two justices of the peace and of the quorum, and did submit himself to examination and take the oath prescribed in the twenty-eighth section of the one hundred and forty-eighth chapter of the Revised Statutes, and the said justices gave him a certificate prescribed by law. And it is further agreed, that Levi Brown, Esq., one of the justices aforesaid, was chosen by the said debtor, and Daniel Brown, Esq., one of said justices, was chosen or appointed by John C. Gerry, a deputy of O'Neil W. Robinson, Sheriff of said county, the said creditor declining to make a selection of a justice.

It is further agreed that the citation to the said creditor to attend to hear said disclosure was for him to attend at ten o'clock A. M. on the day appointed. Both of the justices, who finally acted, had been requested by the debtor to attend at said examination and hearing, but Levi Brown, who was finally selected by the said debtor to act in the premises, did not arrive until after eleven o'clock, A. M. ; Daniel Brown appointed as aforesaid, did arrive before eleven o'clock. But the court was not organized until after eleven o'clock, when it was organized by the debtor's selecting Levi Brown, and the said deputy's appointing Daniel Brown, which fact appears of record. And it is further agreed by the parties, that

the whole proceedings were correct and according to law, and every requirement of law in such cases was complied with to discharge said bond, except the time of selecting said justices: and organizing said Court, and the creditor agrees and does hereby waive all other objections to the proceedings of said Court.

Now if the said selection of a justice by the debtor and appointment of a justice by said officer, in time and manner aforesaid, and the organization of the Court after eleven o'clock, when the creditor was cited to appear at ten, were legal, the plaintiff is to be nonsuited, otherwise the defendants are to be defaulted.

*Deblois*, for the plaintiff, contended that upon the facts agreed, the plaintiff was entitled to judgment in her favor.

There was no tribunal or court organized at the time and place, mentioned in the notice of the debtor, by law authorized to administer the oath and give him a legal discharge.

The case shows, that the justices were not selected until after the hour had expired mentioned in the notice, and of course, the Court could not have been organized and capable of acting until after that time.

The proceedings are invalid unless the steps pointed out by the statute shall have been followed most strictly. *Williams* v. *Burrill*, 23 Maine R. 144 ; 2 Pick. 436 ; 3 Shepl. 337 ; 2 Salk. 475. And it is competent to show by parol, that the justices were not organized and had no jurisdiction. 23 Maine R. 144 ; 2 Pick. 436 ; 21 Maine R. 441. But the fact, that there was no selection of the justices until after eleven o'clock, is admitted in the agreed statement.

If the debtor wishes to avail himself of the benefit of an examination and of the poor debtor's oath, it is for him to take such measures, that a legal tribunal for the purpose be obtained. The whole responsibility is on the debtor to see that this is done. *Burnham* v. *Howe*, 23 Maine R. 489.

Inasmuch as the tribunal was not organized until after the hour of ten, mentioned in the citation, had passed, and it was after eleven, the magistrates had no jurisdiction, and their pro-

ceedings are wholly void. If it had passed the hour, it is immaterial how much or how little. Admit the license at all, and no limit can be fixed. 21 Maine R. 440; 19 Johns. R. 39; 11 Mass. R. 513; 19 Maine R. 454.

Tribunals of this description, have *their hour*, and *not their day*, as Courts, which have their stated terms established by law. Unless the tribunal is organized, and capable of acting, within the hour mentioned in the notice, no valid act can be performed under that notice. 11 Johns. R. 407; 10 Wend. 497; 8 Wend. 569; 15 Johns. R. 477; 21 Pick. 165; 12 Conn. R. 385; 23 Maine R. 489.

*Gerry*, for the defendants, considered that there was but one question in this case; whether a formal selection and appointment of the justices, and a formal organization of the Court, must of necessity be made, before eleven o'clock, when the creditor had been cited to appear at ten o'clock, in order to give the justices jurisdiction of the case. Unless such stern necessity does exist, the defence is made out.

The statute provides, that notice of the time and place shall be given, but does not fix any time within which the organization must take place, to prevent a discontinuance. A reasonable time then is to be given for that purpose, under all the circumstances of the case.

The creditor must first have his reasonable time to select and have present his magistrate. Would eleven o'clock be too late for him? After the creditor has so long neglected to make his selection, as to entitle an officer to select the other, it then, and not before, becomes the duty of the debtor to procure an officer and have a selection made, and when selected, to procure the attendance of such magistrate.

The counsel adverted to the facts in the case, and contended, that not only was the selection and organization of the magistrates' court made within a reasonable time, but that unnecessary exertion had been made in procuring the attendance of an officer, and magistrate before the right of the debtor had accrued to have the selection made, so that no possible delay could take place.

Perley v. Jewell.

He cited as authorities, 4 Greenl. 298; 3 Metc. 568; 18 Maine R. 144; 11 Johns. R. 459; 12 Johns. R. 217.

The opinion of the Court was drawn up by

TENNEY J. — The question here presented is, whether the justices of the peace and of the quorum, who administered to the principal in the bond in suit, the poor debtor's oath, had jurisdiction of the matter. If their proceedings were at the time appointed in the citation, the answer must be in the affirmative, otherwise in the negative. It does not appear that the delay which happened in this case was in any degree prejudicial to the interests of the creditor. She declined to make the selection of a justice of the peace and quorum; hence it is to be inferred, that she could have proceeded to examine the debtor, if she had wished to do so. This circumstance, however, could not give jurisdiction to the magistrates, but it is a reason for the application of the principle, that to save a forfeiture, a liberal construction should be given. *Windsor* v. *China*, 4 Greenl. 298.

It is contended by the plaintiff's counsel, that the next hour after that named in the citation having arrived, without the organization of the proper tribunal, the justices had no jurisdiction whatever. Statutes must be so interpreted, that they may accomplish, and not defeat their obvious purposes. Where certain things are required to be done on a certain day, and such is their character, that more or less time is necessary for their completion, and the whole cannot be done on that day, it will not be contended, that if done within a reasonable time afterwards, the demands of the law have not been fulfilled.

By c. 148, § 46, Rev. St. it is the privilege of the debtor and the creditor each to select a magistrate to take the examination of the former, as a poor debtor, and to administer to him the oath, if he is entitled to take it. If the parties, or either of them, decline to exercise the privilege, the duty of making the selection devolves upon the sheriff, deputy sheriff, coroner or constable. The justices must be of the quorum and disinterested. These rights of the parties are deemed

Perley *v.* Jewell.

important; they should be respected in practice, and a reasonable opportunity should be given for their exercise. In the selection, and in procuring the attendance of the justices, some space of time is necessary. The creditor is not bound to make a selection, or employ an officer to make it; but if the debtor should be at the place appointed, at the earliest moment of the time mentioned, it would not be reasonable for him to presume, that the creditor did not intend to make the selection. If acting upon such a presumption, the magistrates, chosen by the debtor, and an officer, should proceed at once to the examination, and in half an hour after the precise time fixed in the citation, the creditor should present a magistrate of his own selection, properly qualified, and demand that he should be associated, with the one chosen by the other party, and be refused, would a certificate of the two former, be sufficient evidence of a fulfilment of the condition of the bond? One party may object to the qualification of the justice selected by the other, on the ground of interest or for other cause; time would necessarily be consumed in the discussion of the question, in hearing and answering the reasons offered; if the objection should prove valid in the opinion of the justice selected and others interested, would it be contended, that reasonable time would be denied for the choice of another? The statute has pointed out no length of time that one party should wait for the other. It has not provided that the rights of the parties remain unaffected during one full hour, and after that, the notice becomes an entire nullity. If some time may be allowed within which a tribunal may be organized, after the hour named, has arrived, and it does not seem reasonable that there should not be, we see no good ground to hold, that it might not be extended beyond an hour, if in the honest and prompt endeavors of the parties, the selection of justices and their attendance could not be sooner obtained. No decision has been referred to, which establishes the rigorous rule contended for, on the part of the plaintiff. If the parties are entitled to one hour, in which to procure the attendance of the competent tribunal and no more, and an organization should

fail within the time, nothing could be legally done, however desirous the debtor and creditor might be to proceed, for their consent could not confer jurisdiction. When it should appear, that both had been making use of proper efforts, from the time appointed, but without succeeding, in the organization, till the next hour should strike; would that sound annul every thing which had been done, and render abortive any further attempt to accomplish the object, honestly intended? On what principle is it, that one hour should be the limit, after which no organization can take place? If instead of the hour, there should be the minute, as for example fifty minutes after ten, would the same principle be insisted on?

There is some difficulty in drawing with precision the line of time, after which a discontinuance would take place. Want of careful attention to meet legal provisions should not be encouraged, neither should a strictness, founded upon no good reason, or settled principle be required.

As was said by the Court in *Niles* v. *Hancock & al.* 3 Metc. 568, " we do not think there is any inflexible rule, that every case of this kind shall be proceeded in within the hour appointed." Each case must stand upon the peculiar facts attending it. If the debtor should take no measures to obtain magistrates, be absent from the place appointed, till after the expiration of an hour from the time mentioned, and the creditor should have made his appearance, and waited a considerable time, and had gone away, we are not prepared to say that such negligence and delay, and perhaps loss would not operate as a discontinuance.

In this case, it being admitted, that every thing was done in strict accordance with the requirements of the law, excepting in the single particular, which has been considered, we infer that the debtor was present in time; he had requested the attendance of both magistrates, who had the proper qualifications as justices of the peace and quorum, and who acted in the matter. One was present within the hour, and the other came afterwards, when both were appointed by those legally authorized. The debtor was not regardless of his duties and his in-

terests; but took seasonable measures to accomplish the object sought. Under the particular facts and circumstances of the case, we are of the opinion, that the proceedings were at the time appointed in the citation.

*Plaintiff nonsuit.*